UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| HAROLD W. WRIGHT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 1:17-cv-889 |
| COUNTY OF MECOSTA, et al., | ) | Honorable Phillip J. Green |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This is a civil action brought by a former inmate at the Mecosta County Jail under 42 U.S.C. § 1983 through counsel. The lawsuit stems from two separate periods of confinement in the jail as a convicted felon: an eleven-day period in July 2014 and a 49-day period in September and October 2014.

Plaintiff named Mecosta County, Sheriff Todd Purcell, Captain Kevin Wood, and "Does 1-10" as defendants. Plaintiff alleges that he was denied medical care in violation of his Eighth Amendment rights. He alleges that jail meals failed to provide adequate calories in violation of his Eighth Amendment rights and failed to satisfy his religious dietary needs in violation of his First Amendment rights. In addition, plaintiff asks the Court to exercise supplemental jurisdiction over purported state law claims.

The matter is now before the Court on defendants' June 27, 2018, motion to dismiss. (ECF No. 19). Plaintiff did not file a response.[1]

Upon review, defendants' motion will be granted and a separate judgment will be entered dismissing all plaintiff's federal claims. The Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's purported state law claims.

**Allegations**

Plaintiff is a resident of the State of Michigan. He is a convicted sex offender and he served a lengthy prison sentence. (Compl. ¶ 13, ECF No. 1, PageID.6). At all times relevant to plaintiff's complaint Sheriff Todd Purcell and Jail Administrator Kevin Wood were Mecosta County employees. (*Id.* at ¶¶ 4, 6, 7, PageID.2-3). Plaintiff also named "Does 1-10" as defendants and states that each fictitious defendant was "responsible for some part of the conduct of liabilities alleged[.]" (*Id.* at ¶ 5, PageID.2).

A. July 2014

Plaintiff failed to verify his residency with the sex offender registry. In July 2014, a court sentenced him to sixty days in jail with the option to be released on an electronic tether if he could afford the tether costs.[2] Plaintiff served only eleven days

---

[1] Defendants received no response when they inquired whether plaintiff would oppose their motion to dismiss. (ECF No. 20). Defendants' motion is "unopposed" because plaintiff never filed a brief in response to it. *See Derrico v. Moore*, No. 1:17-cv-866, 2017 WL 3923130, at *4 (N.D. Ohio Sept. 7, 2017). The Court cannot grant defendants' motion simply because plaintiff did not file a response. The Court must examine defendants' motion to determine whether they have carried their burden under Rule 12(b)(6). *See Haskins v. Wilmington Sav. Fund Soc'y, FSB*, No. 1:16-cv-941, 2017 WL 1396149, at *2 (W.D. Mich. Jan. 5, 2017).

[2] Plaintiff does not have any claim based on being sentenced to serve time in the Mecosta County Jail. Habeas corpus is the exclusive federal remedy for a state

in jail before he was released on tether. (*Id.* at ¶¶13, 14, PageID.6).

Plaintiff states that during this confinement he suffered seizures and he believes that jail staff did not properly address or respond to his seizures. Upon being released from jail, an unidentified friend took plaintiff to a hospital emergency room where someone purportedly diagnosed him as having an injury to his C6-C7 spine that had not been present before his stay in jail. (*Id.* at ¶14, PageID.6).

B. September and October 2014

On or about September 1, 2014, plaintiff was sent back to jail for violating the terms of his release on electronic tether. He served the remainder of his sixty-day sentence and was released on October 21, 2014.[3] (*Id.* at ¶ 16, PageID.7). Plaintiff believes that he was taken to the emergency room at a local hospital for treatment on at least one occasion while he was jailed. He states that "hospital staff were not permitted to administer appropriate epileptic medications, but only observe[d] Mr. Wright[.]" (*Id.* at ¶ 17, PageID.7-8). Plaintiff indicates that he contemplated suicide and "was regularly evacuated to an observation cell without clothing and kept constantly awake by staff thereby contributing to and causing additional [unspecified] medical events[.]" (*Id.*).

---

prisoner who challenges the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Further, any claim under 42 U.S.C. § 1983 based on plaintiff's jail sentence is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).
[3] Defendants have raised the affirmative defense of the statute of limitations. (ECF No. 6, PageID.41). Although it is not necessary to resolve the issue at present, it appears that all plaintiff's claims based on conditions of his confinement before October 6, 2014, are barred by the statute of limitations. *See Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (*per curiam*); *see also Harnden v. Michigan Dep't of Human & Health Servs.*, No. 17-2022, 2018 WL 1956011, at *2 (6th Cir. Mar. 5, 2018).

Plaintiff is Jewish. He alleges that his jail meals did not provide his minimum required caloric intake, that jail staff refused to serve him Kosher meals, and that his Kosher meals were somehow maliciously contaminated and he was unable to eat the food placed on his tray. (*Id.* at ¶¶ 12, 17, PageID.5, 7-8).

## Discussion

### I. Motion to Dismiss

#### A. Applicable Standard

Rule 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide " 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), and FED. R. CIV. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, it does require more than labels and the bare assertion of legal conclusions. *See Twombly*, 550 U.S. at 555.

Generally, when considering a Rule 12(b)(6) motion to dismiss, the Court must construe the complaint in the light most favorable to plaintiff, accept the plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008). "[C]ourts 'are not bound to accept as true a legal conclusion couched as a factual allegation.' " *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "[A] plaintiff's obligation to provide the

'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009); *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010). Courts are not required to conjure up unpleaded allegations, nor accept unwarranted factual inferences. *See Total Benefits Planning*, 552 F.3d at 434. "To survive a motion to dismiss, the [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570); *see also Doe v. Miami Univ.*, 882 F.3d 579, 589 (6th Cir. 2018) (Plaintiff "must meet the requirements of *Twombly* and *Iqbal* for each of his claims in order to survive a Rule 12(b)(6) motion to dismiss.").

"A plaintiff must 'plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678). "A plaintiff falls short if [] he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).

B.  <u>Doe Defendants</u>

Plaintiff named fictitious defendants "Does 1-10" in his complaint. (Compl. ¶ 5, ECF No. 1, PageID.2). He made a vague assertion that each fictitious defendant was somehow "responsible in some part of the conduct of liabilities alleged[.]" (*Id.*). He also alleged conclusions that Doe defendants failed to provide him with medical

care and failed to provide him with an adequate diet.[4]  (*Id.* at ¶¶ 19, 26, PageID.8, 10).  All plaintiff's federal claims against Doe defendants will be dismissed because plaintiff did not allege enough facts against any Doe defendant to state a claim for relief that is plausible on its face.

    C.    <u>Vicarious Liability</u>

Plaintiff seeks to hold Mecosta County "responsible for the actions of its employees under a *respondeat superior* theory." (Compl. ¶ 4, ECF No. 1, PageID.2). Municipal liability may not be imposed on a *respondeat superior* theory.  *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Morgan v. Fairfield Cty.*, No. 17-4027, __ F.3d __, 2018 WL 4228432, at *7 (6th Cir. Sept. 6, 2018).  Sheriff Purcell and Capain Wood cannot be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior* or vicarious liability.  *Iqbal*, 556 U.S. at 676; *Winkler v. Madison Cty.*, 893 F.3d 877, 898 (6th Cir. 2018).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002).  The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act.  *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899.

---

[4] Although plaintiff expressed an intent to seek leave to amend his complaint when he had ascertained the "true names and capacities" of the Doe defendants (Compl. ¶ 5, ECF No. 1, PageID.2), he never filed such a motion.  Under the Court's case management order, June 15, 2018, was the deadline for filing motions to join parties or amend pleadings.  (ECF No. 13, PageID.69).

D. <u>Eighth Amendment</u>

1. Medical Care

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to a prisoner's serious medical needs, manifested by prison staff's intentional interference with treatment or intentional denial or delay of access to medical care, amounts to the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. *Estelle*, 429 U.S. at 104-05. In judging the sufficiency of "deliberate indifference" claims, the Court must view the surrounding circumstances, including the extent of the injury, the realistic possibilities of treatment, and the possible consequences to the prisoner of failing to provide immediate medical attention. *Westlake v. Lucas*, 537 F.2d 857, 860 n.4 (6th Cir. 1976).

In *Wilson v. Seiter*, 501 U.S. 294 (1991), the Supreme Court clarified the deliberate indifference standard: a prisoner claiming cruel and unusual punishment must establish both that the deprivation was sufficiently serious to rise to constitutional levels (an objective component) and that the state official acted with a sufficiently culpable state of mind (a subjective component). 501 U.S. at 298. "The plaintiff must show both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018). Defendants concede that plaintiff has alleged facts sufficient to satisfy the objective component. (Defendants' Brief at 4, ECF No.19, PageID.101).

The Supreme Court held in *Farmer v. Brennan*, 511 U.S. 825 (1994), that deliberate indifference is tantamount to a finding of criminal recklessness. An official

-7-

"cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety[.]" *Id.* at 837.

Defendants argue that they are entitled to dismissal of plaintiff's claims because he did not allege facts sufficient to satisfy the subjective component. Plaintiff's "lumping together" of all defendants fails to provide a factual basis from which it could be reasonably inferred that each defendant knew of an excessive risk to plaintiff's health or that each defendant consciously disregarded the risk. (Defendants' Brief at 4-7, ECF No. 19, PageID.101-04). Plaintiff ignored defendants' Rule 12(b)(6) motion and provided no contrary argument. The Court finds that plaintiff's complaint fails to plead facts to sufficient to support the subjective component of an Eighth Amendment claim for deliberate indifference to a prisoner's serious medical needs against any defendant.

    2.    Meals

"[T]he Eighth Amendment imposes a duty on officials to provide 'humane conditions of confinement,' including insuring, among other things, that prisoners receive adequate ... food." *Young ex rel. Estate of Young v. Martin*, 51 F. App'x 509, 513 (6th Cir. 2002) (citing *Farmer*, 511 U.S. at 832). Eighth Amendment claims based on the content of jail meals must satisfy the objective component of being sufficiently serious to rise to constitutional levels and the subjective component that each defendant had a sufficiently culpable state of mind. *See Boles v. Aramark Corr. Services, LLC*, No. 17-1919, 2018 WL 3854143, at *3 (6th Cir. Mar. 19, 2018).

Defendants argue that plaintiff's complaint fails to allege facts sufficient to satisfy the objective or subjective components of an Eighth Amendment claim. (Defendants' Brief at 7-8, ECF No. 19, PageID.104-05). Plaintiff did not contest these arguments.

"Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 960, 954 (6th Cir. 1987). For example, the deprivation of a few meals for a limited time generally does not rise to the level of an Eighth Amendment violation. *See Cunningham v. Jones*, 667 F.2d 565, 566 (6th Cir. 1982) (*per curiam*); *see also Davis v. Miron*, 502 F. Appx. 569, 570 (6th Cir. 2012) (denial of seven meals over six days is not an Eighth Amendment violation). Here, plaintiff alleged a bare conclusion that the caloric content jail meals was inadequate. He did not allege what food was served, "how many calories per day he received (and how many he should have received), and the portion size received (and that should have been received)." *Kilgore v. Thompson*, No. 5:14-cv-292, 2015 WL 13273315, at *5 (E.D. Ky. Oct. 13, 2015). The Court finds that plaintiff's complaint fails to plead facts to sufficient to support the objective or subjective component of an Eighth Amendment claim against any defendant based on the caloric content of meals.

E. First Amendment

While "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights," inmates retain the First Amendment protection to freely exercise their religion. *See O'Lone v. Shabazz*, 482 U.S. 342, 348

(1987) (citations omitted). To establish that this right has been violated, plaintiff must establish that: (1) the belief or practice he seeks to protect is religious within his own "scheme of things," (2) that his belief is sincerely held, and (3) defendant's behavior infringes upon this practice or belief. *See Kent v. Johnson*, 821 F.2d 1220, 1224-25 (6th Cir. 1987).

A practice will not be considered to infringe on a prisoner's free exercise unless it "places[s] a substantial burden on the observation of a central religious belief or practice[.]" *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). "[T]he Supreme Court has made clear that the 'substantial burden' hurdle is high." *Living Water of Church of God v. Charter Tp. Of Meridian*, 258 F. App'x 729, 734 (6th Cir. 2007). "[A] 'substantial burden' is a difficult threshold to cross." *Id.* at 736. "[A] 'substantial burden' must place more than an inconvenience on religious exercise." *Id.* at 739 (citation and quotation omitted).

Defendants argue that they are entitled to dismissal of plaintiff's First Amendment claims because he failed to allege facts showing that the actions of any defendant substantially burdened his sincerely held religious beliefs. (Defendants' Brief at 8-9, ECF No. 19, PageID.105-06). Plaintiff did not contest these arguments. The Court finds that plaintiff has not alleged facts sufficient to support a First Amendment claim against any defendant.

F.  Mecosta County

Plaintiff has not alleged facts sufficient to state any federal claim against the municipal defendant. *See Monell*, 436 U.S. at 694-95; *see also Osberry v. Slusher*, No. 17-4242, __ F. App'x __, 2018 WL 4360979, at *11 (6th Cir. Sept. 13, 2018) ("A broad assertion that an unconstitutional policy exists 'is nothing more than a bare recitation of legal standards.' ") (quoting *Brown v. Cuyahoga Cty.*, 517 F. App'x 431, 436 (6th Cir. 2013)). Absent an underlying constitutional violation, plaintiff's claims against the municipal defendant fails as well. *See Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014); *see also Przybysz v. City of Toledo*, No. 18-3139, __ F. App'x __, 2018 WL 3993546, at *3 (6th Cir. Aug. 20, 2018) ("[T]here can be no municipal liability under *Monell* when there is no constitutional violation.").

F.  Supplemental Jurisdiction

As a general rule, in cases in which a federal court dismisses all federal claims, it will decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008) ("[A] federal court should typically decline to exercise pendent jurisdiction over a plaintiff's state-law claims after dismissing the plaintiff's federal claims."). A district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims. *Smith v. Erie Cty. Sheriff's Dep't*, 603 F. App'x 414, 424 (6th Cir. 2015); *see Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003) ("Supplemental jurisdiction is a doctrine of discretion, not of ... right."); *see also Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) ("After a Rule 12(b)(6) dismissal, there is a strong presumption in

favor of dismissing supplemental claims."). The presumption that a Rule 12(b)(6) dismissal of the touchstone claims precludes the exercise of supplemental jurisdiction over any remaining claims can only be overcome in "unusual circumstances." *Musson Theatrical, Inc.*, 89 F.3d at 1255. This case does not present the unusual circumstances necessary to overcome the general rule and strong presumption against this Court's exercise of supplemental jurisdiction.

## Conclusion

Accordingly, and for the reasons stated herein, defendants' Rule 12(b)(6) motion (ECF No. 19) is **GRANTED** and the Court will be entering a separate judgment dismissing all plaintiff's federal claims. The Court, in its discretion, declines to exercise supplemental jurisdiction over plaintiff's purported state law claims.


Dated:  October 10, 2018         /s/  Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge